No. 15,092.

Newrock *v*. Armitage.
(125 P. [2d] 145)

Decided April 13, 1942.

Mr. Harold B. Newrock, Mr. J. Emery Chilton, for plaintiff in error.

Mr. Carl W. Berueffy, for defendant in error.

*In Department.*

Mr. Chief Justice Young delivered the opinion of the court.

The parties are here in reverse order of their appearance in the district court, and for convenience will be

designated herein as plaintiff and defendant, or by name.

Plaintiff, Armitage, was a real estate broker. He brought action against defendant, Newrock, for a commission alleged to be due him for effecting the sale of defendant's drugstore located in Louisville, Colorado, to one Dolly M. Wilborn. In the deal as consummated, defendant received for his store $500 in cash, a three hundred dollar note secured by chattel mortgage on the fixtures, and a residence property in Casper, Wyoming. Defendant had priced his store at $3,500. It appears that the regular commission for the sale of a business property in the community in which plaintiff operated, was ten per cent, and on residence property, five per cent. On this basis, plaintiff sued for $350. There is no question under the evidence that plaintiff was the procuring cause of the sale.

Plaintiff demanded, and collected from Mrs. Wilborn on the exchange of her Casper property, a commission of $100. Defendant asserts he had no knowledge that plaintiff was receiving a commission from both parties, and refused payment.

It is very clear from the testimony that defendant was anxious to dispose of his store, as he had other interests, and that he was not greatly concerned over the value of the Casper property, for he turned over the store upon receipt of the five hundred dollars in cash and the three hundred dollar chattel mortgage, and entered into a binding contract to take the Casper property without ever having seen it or procuring an appraisal of its value.

At the conclusion of the deal, defendant offered plaintiff a postdated check in the amount of $100 for commission, and told him that on examination of the property, if it developed into a good deal, he would pay him a little more. Plaintiff demanded two hundred dollars commission, but at that time offered to take one hundred and fifty, if paid at once.

The title to the property in Casper was finally cleared up and defendant received a deed. The evidence, though somewhat meager, supports the court's finding that it was worth approximately $1,200.

■ The parties are in agreement as to the law applicable to the receipt by a broker of two commissions and are in accord that he may do so, provided the fact that he is representing both parties is known to them, and they consent thereto. The only controversy here is as to the factual situation.

The testimony on the question of the knowledge of defendant that plaintiff was receiving a commission from both himself and Mrs. Wilborn was sharply conflicting. Plaintiff testified that he so advised defendant, which the latter denied, stating that he had no knowledge of the fact. Mrs. Wilborn said she knew of the fact, but at the trial, three years after the transaction, was unable to state definitely whether she was advised concerning it before the deal was completed, or afterwards. Plaintiff testified that she had been so advised before its consummation.

The case was tried without the aid of a jury, and on conflicting evidence the court found that plaintiff was entitled to $200 commission, with legal interest thereon from the time the deal was concluded, and entered judgment accordingly.

■ Defendant's seven assignments of error, in effect, raise but a single question; namely, whether the evidence supports the judgment. We have examined the record with care, and are of the opinion that it presents nothing more than a case of conflicting testimony. The trial court, on the evidence, has determined the issues, and under principles of law too well established to require supporting authorities, we shall not disturb its findings.

Defendant interposed a counterclaim of $1,500 predicated on alleged fraud of plaintiff in inducing him to

326

enter into the deal. The trial court rightly found that there was no evidence to support the counterclaim.

Judgment affirmed.

MR. JUSTICE KNOUS, MR. JUSTICE BURKE, and MR. JUSTICE JACKSON concur.